UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

STACY K. PERKINS,

    Plaintiff,

v.                                Case No. 17-C-1959

BANK OF AMERICA, et al.,

    Defendants.

---

## DECISION AND ORDER

---

On June 13, 2017, Plaintiff Stacy Perkins, proceeding pro se, filed this suit against defendants Bank of America, Deutsche Bank and Trust, Country Wide Home Loan, Temple Inland Mortgage, Guaranty Residential, and Bankers Trust Company. Presently before the court are Perkins' motion to proceed by jury, motion for a three-judge panel, and motion seeking the appointment of counsel. For the following reasons, Perkins' motions will be denied.

**I. Motion for Jury**

Perkins' complaint does not contain a jury demand. However, on the same day he filed his complaint, Perkins filed a motion for a jury trial. Pursuant to Federal Rule of Civil Procedure 38(b), a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served" and filing the demand in accordance with Federal Rule of Civil Procedure 5(d). Fed. R. Civ. P. 38(b). If a party has not properly demanded a jury in accordance with Rule 38, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ.

P. 39(b). Because the last pleading directed to the issue has not yet been served, Perkins may properly serve and file a timely jury demand in this case. Therefore, the court will deny Perkins' motion as premature. Perkins is responsible for serving the defendants with a jury demand in accordance with Rule 5(d) of the Federal Rules of Civil Procedure.

**II. Three-Judge Panel**

Perkins also requests that a three-judge district court panel hear his case. "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Perkins does not challenge any reapportionment, and he has not shown that an Act of Congress requires that a three-judge panel be convened to hear this case. Therefore, Perkins' motion will be denied.

**III. Motion to Appoint Counsel**

Perkins filed a motion for representation pursuant to a consent judgment entered in *Scruggs v. Superintendent of Pendleton Correctional Facility*, Case No. 1:12-cv-00361-RMC, though it appears Perkins was not a party to that lawsuit. Even if he was, a court's order in another case is not binding on this one. Accordingly, the court will construe Perkins' motion as a new request for counsel.

Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Yet, district courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Puritt*, 503 F.3d at 654. Once this threshold burden has

2

been met, the court must address the following question: given the difficulty of this case, does the plaintiff appear competent to litigate it himself? *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

Here, Perkins has not demonstrated that he made reasonable efforts to secure private counsel on his own. This alone is a sufficient basis to deny Perkins' request. *See id.* at 655. But even if Perkins had made reasonable efforts to find a lawyer on his own, his request for appointed counsel must be denied. Perkins has failed to demonstrate that the difficulty of the case and his competence to litigate it require appointed counsel. *Id.* at 649. He has not demonstrated that he is incapable of litigating this case himself. Perkins has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to litigate this case. There is nothing in the record to suggest that Perkins does not have the same competence to represent himself as the vast number of other *pro se* litigants who cannot afford to hire an attorney and are unable to convince one to take his case on a contingent fee basis. Recruitment of counsel occurs more commonly in prisoner litigation, where inmates are not free to seek counsel on their own and are limited in conducting their own research. From what the court can tell, Perkins suffers from none of these defects. Accordingly, Perkins' motion is denied without prejudice. The court will give further consideration to Perkins' request as the case proceeds.

**IT IS THEREFORE ORDERED** that Perkins' motion to proceed by jury (ECF No. 3) is **DENIED as premature**.

**IT IS FURTHER ORDERED** that Perkins' motion for a three-judge panel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Perkins' motion to appoint counsel (ECF No. 4) is **DENIED**.

Dated this   5th   day of October, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge[*]
United States District Court - WIED

---

[*] Of the Eastern District of Wisconsin, sitting by designation.