UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STACY K. PERKINS,

        Plaintiff,

  v.                                      Case No. 17-C-1959

BANK OF AMERICA,

        Defendant.

## DECISION AND ORDER DENYING MOTIONS FOR RECONSIDERATION

On June 13, 2017, Plaintiff Stacy Perkins commenced this action against Bank of America, Deutsche Bank and Trust, Country Wide Home Loan, Temple Inland Mortgage, Guaranty Residential, and Bankers Trust Company. Although Perkins properly served Bank of America, he did not serve the remaining defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. As a result, the court dismissed Deutsche Bank and Trust, Country Wide Home Loan, Temple Inland Mortgage, Guaranty Residential, and Bankers Trust Company from this action on November 1, 2017. On December 14, 2017, the court granted Bank of America's motion to dismiss Perkins' complaint because it failed to state a claim upon which relief could be granted. Presently before the court are Perkins' identical motions for reconsideration. These motions will be denied.

Rule 59(e) for the Federal Rules of Civil Procedure allows a court to alter or amend a judgment only if the plaintiff "can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). A manifest error is "wholesale disregard,

misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A plaintiff must "clearly establish" that he is entitled to relief under Rule 59(c). *Harrington v. City of Chicago*, 433 F.2d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

After giving consideration to Perkins' arguments, the court concludes there is no basis to alter the December 14, 2017 order granting Defendant Bank of America's motion to dismiss. Perkins' motions merely reassert arguments he previously presented to the court. In particular, Perkins maintains that he is a party to the Consent Judgment entered in Case Number 1:12-cv-00361-RMC, in the United States District Court for the District of Columbia, and is entitled to bring an action to enforce the Judgment. But as the court explained, the Consent Judgment, entered between forty-nine states and Bank of America, stipulates that "an enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." ECF No. 28 at 2–3. Accordingly, Perkins cannot sue for any violation of the Judgment as an individual borrower. Perkins has not offered any other factual or legal argument that convinces the court that its decision was in error. Therefore, his motions for reconsideration (ECF Nos. 30 & 31) are **DENIED**.

**SO ORDERED** this   28th   day of December, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge[*]
United States District Court - WIED

---

[*] Of the Eastern District of Wisconsin, sitting by designation.